

STEVEN BANKS
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**INNA SHAPOVALOVA**
*Senior Counsel*
Tel.: (212) 356-2656
Fax: (212) 356-3509
inshapov@law.nyc.gov

June 23, 2026

**BY ECF**
Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Emmanuel Obiagwu v. Atif Chohan, et al.,
        25 Civ. 07640 (JMF)

Your Honor:

I am a Senior Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and attorney representing Defendants City of New York, Atif Chohan, Kaisean Branche, Amanda Ebrahim, Andrew Yoli, Mohammad Khan, Vadym Khalos, Garrett Williams, and Stephen Macomber ("Defendants") in the above-referenced matter.[1] Defendants respectfully write: (1) to request that the Court direct Plaintiff provide this Office with executed HIPAA authorization and release forms, and (2) to address the scheduling of a settlement conference in this matter.

As the Court is aware, during the June 15, 2026 initial conference, Your Honor referred this matter to Magistrate Judge Robert W. Lehrburger for settlement purposes and directed the parties to attend a settlement conference before the end of fact discovery, which is currently scheduled to close on October 15, 2026. See June 16, 2026 Text Order. Additionally, during the June 15 conference, the undersigned informed Your Honor that Defendants had not yet received from Plaintiff executed HIPAA authorizations required to obtain Plaintiff's medical records. Following the conference, the parties were notified that Magistrate Judge Lehrburger will be

---

[1] This case has been assigned to Assistant Corporation Counsel Joseph Capio, who is awaiting admission to the New York State Bar. Mr. Capio is handling this matter under my supervision and may be reached at (212) 356-2318 or jcapio@law.nyc.gov.

scheduling a pre-settlement conference by telephone for July 7, 2026, at 2:30 p.m., and a settlement conference via Microsoft Teams for July 28, 2026, at 9:30 a.m. However, the undersigned indicated that, because Plaintiff declined to provide executed HIPAA releases prior to the commencement of discovery[2] and Defendants have not yet received those releases from Plaintiff, which are necessary to properly evaluate this matter for settlement purposes, it would be more productive to conduct a settlement conference on a date convenient for the Court in September. The undersigned was instructed to raise this issue with Your Honor and explain the reason for a later settlement conference. On June 17, 2026, Mr. Capio sent Plaintiff additional copies of blank medical release forms for execution via the email address listed on the Court's docket. As of the date of this letter, Mr. Capio is working with Plaintiff to obtain the executed release forms.

Accordingly, the undersigned respectfully submits that additional time is necessary to allow Plaintiff to provide executed HIPAA releases and for Defendants to request and review the relevant medical records and evaluate this matter for settlement. Plaintiff *pro se*, Emmanuel Obiagwu, consents to this request for a later settlement conference but only to the extent that the conference is scheduled during the first week of September 2026, excluding Monday, August 31, 2026, and Friday, September 4, 2026.

Thank you for your consideration herein.

Respectfully submitted,

*/s/ Inna Shapovalova*

Inna Shapovalova
*Senior Counsel*
Special Federal Litigation Division

CC:     **VIA ECF**[3]
Emmanuel Obiagwu
*Plaintiff pro se*

Unless and until the Court orders otherwise, Plaintiff shall provide signed copies of the HIPAA releases to defense counsel by July 1, 2026. If Plaintiff has an objection to doing so, he shall file a letter, not to exceed three pages, by the same date. The parties should sort out the scheduling of the settlement conference with Magistrate Judge Lehrburger - subject to this Court's order that the settlement conference is to take place prior to the close of discovery. The Clerk of Court is directed to terminate ECF No. 38.

SO ORDERED.

June 24, 2026

---

[2] On March 17, 2026, in response to Defendants' opposition to Plaintiff's March 9, 2026 Letter, the Court indicated that "Defendants will almost certainly be entitled to medical releases from Plaintiff come discovery given the nature of Plaintiff's claims[.]" See ECF No. 26.

[3] Upon information and belief, Plaintiff has consented to receive electronic service via ECF. See Court Docket Entry Dated September 16, 2025.